UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SANDER SALES ENTERPRISES, | :<br>:<br>: |
| Plaintiff(s), | :<br>: |
| -vs- | :   Hon. William G. Bassler<br>:   Civil Action No. 01-4794 (WGB)<br>: |
| SAKS, INC., et al., | :_____OPINION<br>: |
| Defendant(s), | :<br>: |

This action arises out of a commercial dispute between plaintiff Sander Sales Enterprises, Ltd. ("Sander Sales"), a manufacturer of bedding goods, and defendant Saks, Inc. ("Saks"), a buyer. Plaintiff filed this action alleging breach of contract based on "charge backs" on certain of plaintiff's merchandise that was sold and/or returned by Saks. Specifically, plaintiff alleges that it is entitled to over $119,630.76 for improper charge backs. Saks maintains that the issue was resolved by and between the parties in February 1999. Frank J. DeAngelis Affidavit ("DeAngelis Aff.") at ¶ 4.

On June 8, 2004, the parties met with Magistrate Judge Madeline Cox Arleo and reached a settlement. Although the settlement agreement was not placed on the record, it was subsequently reduced to writing. Essentially, the parties agreed that Saks would pay plaintiff $20,000 and that Saks's buyers would meet again with plaintiff's agents. If Saks placed an order with

plaintiff, the $20,000 payment would complete the settlement. No set amount was fixed as to the orders and terms. If Saks did not place an order with plaintiff, then plaintiff had the option of accepting the $20,000 to complete the settlement, rejecting the settlement in its entirety. Certification of Abraham Borenstein ("Borenstein Cert."), Ex. 2.

With respect to dismissal, the Settlement Agreement also provided:

> The matter will be the subject of a 45 day Court Order by Judge Arleo. This means that the matter is deemed settled and will be so reflected on the Court records unless one party or the other notifies the Court and opposing counsel in writing that the matter has not been settled. If no such notice is provided, the matter is deemed settled with prejudice to its refiling.

On July 8, 2004 this Court entered a 45-day order dismissing plaintiff's action "without prejudice to the right upon good cause shown within 45 days or until August 17, 2004, to reopen the action if the settlement is not consummated." ("Dismissal Order"). The Court also "retain[ed] jurisdiction over the settlement to enforce its terms." (Docket Entry #26).

By letter dated August 13, 2004, plaintiff's counsel sent a one-line letter to the Clerk of the Court, with a copy to the Magistrate Judge:

> "please be advised that this settlement has not been consummated, we would request that the case be restored to the active calendar per the order of the Court."

(Docket Entry #27).  This Court was not copied on the letter.  In addition, the letter did not address the "good cause" standard for reopening the action as required by the Dismissal Order.

On August 19, 2004, Magistrate Judge Arleo sent an electronic notice of a hearing for September 7, 2004.  (Docket Entry #11). In addition, the Court is advised by the Magistrate that her deputy clerk notified plaintiff's counsel telephonically of the September 7, 2004 conference.[1]  Defense counsel, who received the electronic notice, appeared at the conference.  (DeAngelis Aff. at ¶ 12). Plaintiff's counsel did not appear for the conference.  This was the second time plaintiff's counsel failed to appear for a conference before the Magistrate Judge.  (Id.).

More than six months elapsed and plaintiff made no further effort to restore this case to the active calendar.  On February 17, 2005, plaintiff's counsel sent a letter to the Magistrate Judge again requesting that "the case be restored to the active calendar per the order of the Court."  The letter also requested a status conference.  Again, the Magistrate Judge scheduled a conference on March 7, 2005.  Judge Arleo advised plaintiff's counsel that he failed to properly restore the case to the active calendar, failed to appear for the September 7, 2004 hearing and that the case

---

[1] Plaintiff's counsel denies that he received a telephone call regarding the conference. (Borenstein Cert., ¶ 28).  Under existing procedures at the time, if his office was not equipped to receive electronic filings, the Clerk would have sent him a hard copy of his notice via mail or telecopy.

3

remained dismissed with prejudice pursuant to the Court's July 8, 2004 Order.  (Id.).

On March 11, 2005, plaintiff filed this motion to vacate the Court's Dismissal Order.  The Court held oral argument on December 28, 2005.  This Court denied plaintiff's motion to vacate.  Defendant Saks advised that it had never paid the $20,000 as per the Settlement Agreement.  In exercising its jurisdiction to enforce the terms of the Settlement Agreement, the Court ordered defendant to pay $20,000.

This Opinion supplements the oral record of December 28, 2005.

**ARGUMENT**

I. **Plaintiff Failed To Timely Move To Reopen Pursuant To Rule 41.1 And The Court's Dismissal Order**

Local Rule 41.1 (B) sets forth the procedures following settlement of civil cases.  It provides:

> When a case has been settled, counsel shall promptly notify the Clerk and the Court, thereafter confirming the same in writing. Within 15 days of such notification, counsel shall file all papers necessary to terminate the case. Upon failure of counsel to do so, the Clerk shall prepare an order for submission to the Court dismissing the action, without costs, and without prejudice to the right to reopen the action within 60 days upon good cause shown if the settlement is not consummated.

Where a settlement is not consummated within the requisite time period,  a motion to reopen must be filed with the court,

supported by an affidavit showing "good cause" why the matter should be reopened. Lite, N.J. Federal Practice Rules, Comment 3 to L. Rule 41.1(b). See Bernard Haldane Assoc. v. Harvard Professional Group, 185 F.R.D. 180 (D.N.J. 1999).

Here, it is undisputed that no such motion or affidavit of "good cause" was filed with the Court within the 45-day time period. Nonetheless, plaintiff argues that its August 13, 2004 letter filed with the Clerk of the Court was sufficient to reopen the case because the Court's Dismissal Order provided that the "terms of the settlement are incorporated herein by reference." The plaintiff further asserts that because the Settlement Agreement provided that written notice to the Court was sufficient to reopen the case, the case should have been automatically reopened – despite failure to comply with the terms of the Dismissal Order. This Court disagrees.

First, there is no legal authority for the proposition that language in a settlement agreement trumps both an Order of the Court and a Local Rule. The Dismissal Order, consistent with the Local Rule, specifically provides that the case could only be restored "upon good cause shown." No such showing was made here.

Second, even if the Court were to accept plaintiff's argument that the language of the Settlement Agreement should control, no "written notice" was ever provided to the District Court within the 45 day time frame. Rather, a letter was sent to the Clerk of the

5

Court and the Magistrate Judge, whom plaintiff also argues, inexplicably, "had no authority to reopen the case." (Reply Brief at 2). If the Magistrate Judge had no authority, why was she, and not the District Court, copied on the August 13 letter request to reopen the case? Why did the Settlement Agreement refer to a 45 day Order to be entered by the Magistrate Judge if she had no authority to reopen the case?

The Dismissal Order was properly entered here by the District Judge who had sole authority to reopen the case. To accept plaintiff's argument that the language of the Settlement Agreement controls would be to vest the Magistrate Judge with dispositive authority which she did not have. It would also ignore the clear language of this Court's Dismissal Order. On this basis alone, plaintiff's motion to vacate this Court's Dismissal Order is denied.

**II.   Plaintiff Is Not Entitled To Relief Under F.R.C.P. 60(b)(1).**

The plaintiff seeks relief from this Court's July 8, 2004 Dismissal Order under R. 60(b)(1) arguing that it has demonstrated "excusable neglect." The starting point for analysis under the "excusable neglect" standard is Pioneer Insurance Servs. v. New Brunswick Assocs., 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed. 2d 74 (1993). There, the Supreme Court outlined four factors which must be considered in analyzing whether a party is entitled to relief:

> (1) the danger of prejudice to the non-movants; (2) the length of delay; (3) the

>           potential impact on judicial proceedings; and
>           (4) the reason for the delay including whether
>           it was within the reasonable control of the
>           movant and whether the movant acted in good
>           faith.

For the reasons set forth below, plaintiff fails to satisfy the standard.

1.   <u>Danger Of Prejudice To The Non-Movant</u>

Plaintiff argues that there is no prejudice to the non-movant here because the case is "basically ready for trial," except that "plaintiff may need one more deposition." (Br. at 6). Defendant argues that he needs the deposition of plaintiff's representative as well as the deposition of two non-party witnesses. (DeAngelis Aff. at ¶ 17). Apparently, those depositions were originally scheduled for July 2004 but were adjourned as a result of the settlement. (<u>Id.</u>). Those witnesses are outside the Court's jurisdiction and there is uncertainty as to whether they are presently available and would continue to cooperate with counsel. (<u>Id.</u>). Therefore, defendant argues that it would be prejudiced by restoring the case to the docket at this late date.

This Court's April 1, 2003, Pretrial Scheduling Order provided a discovery cut off date of July 31, 2003. (Docket Entry #22). A settlement conference was scheduled for July 8, 2003, which plaintiff's counsel failed to attend. (DeAngelis Aff. at ¶ 12). By Order dated February 11, 2004, discovery was extended through March 31, 2004. (Docket Entry #24). On June 8, 2004, the parties

settled the case after a conference with the Magistrate Judge. (Borenstein Cert., ¶ 15). This Court entered its Dismissal Order on July 8, 2004 – four months after the close of discovery. Plaintiff's motion under R. 60(b)(1) was not filed until March 11, 2005.

This Court is satisfied that there would be prejudice to non-movant, defendant Saks, if the Court's Dismissal Order was vacated. Discovery, which was extended once and was closed at the time of the settlement conference, would have to be reopened if the case were restored to the active calendar. Both parties would be seeking additional discovery. Saks may be unable to compel the attendance of witnesses who might otherwise have been available before the dismissed order was vacated. Prejudice to the non-movant has been demonstrated.

2. <u>Length Of Delay And Its Potential Impact On Judicial Proceedings</u>

Plaintiff argues that there has been "no delay in the proceedings." Alternatively, plaintiff argues that if the Court were to find a delay, that the "length of delay is insignificant considering the circumstances of the case." (Br. at 6). This Court disagrees.

Plaintiff waited over seven months after it first decided that the settlement had not been consummated to file this motion. That amount of time is significantly more than the four months period

8

recognized by the Court as excessive in <u>Kohls Dep't Stores v. Lab Co. Rt. 46</u>, 121 Fed. Appx. 971 (3d Cir. 1995). To reopen the case now would have an adverse effect on case management. Discovery was extended once and was closed well before the settlement conference. Neither party was able to complete discovery in the time parameters originally set forth by the Court. To reopen this case and to reopen discovery would have an adverse impact on sound case management.

3.  <u>Reasons For The Delay</u>

Plaintiff argues there were valid reasons for the delay. Plaintiff points to "confusion in the literal reading of the Order and the text of the settlement" as a reason for the delay in filing the motion. (Br. at 7). Counsel asserts that his one-line letter to the Clerk of the Court advising that the settlement had not been consummated was sufficient to restore this case to the active calendar. He argues he did not file the motion to restore until seven months later because he was unaware that the prior letter was insufficient to restore the case. This Court is not persuaded.

This Court's July 8, 2004 dismissal order makes clear that the action could be reopened "upon good cause shown." Plaintiff's August 13, 2004 brief letter to the Clerk of the Court does not even address the "good cause standard." No motion (or even letter) was timely filed with the District Judge.

More significantly, plaintiff's counsel offers no explanation

9

for his conduct during the subsequent seven-month period. He failed to attend the September 7, 2004 conference before the Magistrate Judge, although it appears he was notified. Even accepting his assertion that he did not receive notification, there were other avenues available to him to check on the status of his case. A simple call to chambers or the clerk's office would have confirmed that the case was not restored. No such call was made. Had he accessed CM/ECF, he would easily have seen that his case had not been restored to the active docket and that a hearing had been scheduled that he did not attend. Indeed, plaintiff's counsel points out that he was aware that his August 13, 2004 letter was entered on the docket. (Borenstein Cert., ¶ 26) He fails to point out, however, that the case remained "closed" on the docket. No order restoring the case was ever subsequently entered. That fact alone would lead one to conclude that the August 13, 2004 letter was insufficient to restore the case.

The delay here was lengthy and unjustified.

4. <u>Movant's Bad Faith</u>

Stressing that during the six month delay plaintiff's sales agents continued to meet with Saks's buyers (DeAngelis Aff. at ¶ 18), defendant argues that such conduct could reasonably lead one to assume that the action may have been abandoned – especially in light of plaintiff's failure to appear for the September 7, 2004 hearing and his failure to send any correspondence to the Court or

10

counsel from August 13, 2004 to February 17, 2005. (Defendant's Brief at 8). Defendant asserts that this constitutes "bad faith." Plaintiff's counsel offers no explanation as to why its sales agents continued to meet with Saks's buyers – an action which would be consistent with non-rejection of the Settlement Agreement.

In Kohls, the Third Circuit held that a party acts in good faith where it acts with "reasonable haste" to investigate the problem and to take available steps for its remedy." (citing In re Cendent Corp. PRIDES Litig., 235 F.3d 176, 184 (3d Cir. 2000). As in Kohls, plaintiff here did not act with "reasonable haste" by waiting seven months after the settlement had fallen apart to file this motion. That factor, viewed together with the fact that the parties were continuing with sales negotiations during the five month period when no attempts were made to reopen this case leads this court to conclude that plaintiff acted in bad faith.[2]

## CONCLUSION

For the reasons set forth above, the plaintiff's motion to vacate the Court's July 8, 2004 Order of Dismissal is denied.

/s/ Willaim G. Bassler
William G. Bassler, U.S.S.D.J.

Dated: January 20, 2006

---

[2] Plaintiff also seeks relief under R. 60(b)(6) which provides relief from "any other reason" justifying the operation of the judgment." To obtain relief under this rule plaintiff must show "extraordinary circumstances," and the Court finds that plaintiff has failed to satisfy this standard. Fugah v. J.F. Mazurkiewicz, No. Civ. A. 96-7272, 2005 WL 984203, at *8 (E.D. Pa. April 27, 2005).